| iBROWN, J.,
dissenting,
The doctrine of continuing wrong is applicable where an entire course of conduct combines to produce an injury. The doctrine of continuing wrong is not an equitable doctrine; rather, it defines when an act, omission, or neglect took place. When this doctrine attaches, the statute of limitations does not begin to run until the wrongful act ceases, and at that point the plaintiff may bring the claim within the normal statutory period.[1]
To support her claim, plaintiff must show-with particularity continuous negli-’ gent treatment over a finite period of time. The single medical condition in this case is breast cancer detection. On September 14, 1992, Ms. Jenkins went to Dr. Dyess, her primary care physician since 1988, with specific concerns, i.e., a small lump or mass in her breast. She told Dr. Dyess of the lump and his examination confirmed a mass upon palpitation. Dr. Dyess was told that a mammogram had been performed at the Lincoln General Hospital in Ruston approximately two weeks prior to her September 14th visit. Dr. Dyess wrote in plaintiffs chart on September 14 to “check results of the mammogram, check every month and return to clinic PRN.”
The majority opinion is wrong in its statement that treatment somehow ended on September 14th. On that date, Dr. Dyess was actually aware of a suspicious mass in Ms. Jenkins’ breast because he *730 felt it upon palpitation. Clearly Dr. Dyess intended and had a responsibility to check |2the results of the mammogram performed at Lincoln General Hospital or to order a new mammogram. The mammogram was essential in the interpretive process. Dr. Dyess was responsible for informing Ms. Jenkins even of a good result. Ms. Jenkins should not have been required to assume a good report from her treating physician’s silence. See Mammograph Quality Standards Act (MQSA) 42 U.S.C. § 268b of 1992 and as amended in 1998. The date of the last act of negligence in the continuum of treatment of Ms. Jenkins may be unclear, but it certainly was not September 14, 1992.
Ms. Jenkins also contends that the statute of limitations was tolled pursuant to the doctrine of fraudulent concealment. Unlike a continuing wrong, fraudulent concealment operates to estop a defendant from asserting a statute of limitations and/or a peremptory period as a defense when that person, by deception or a violation of a duty, conceals material facts from the plaintiff to prevent discovery of the wrong. Equitable estoppel may arise either from active efforts to conceal the malpractice or from a failure to disclose material information when a fiduciary or confidential relationship exists between the physician and patient. The physician’s failure to disclose that which he knows, or in the exercise of reasonable care should have known, constitutes constructive fraud which effectually prevents the patient from availing herself of the cause of action. This constructive fraud terminates at the conclusion of the physician-patient relationship, at which time the statute of limitations begins to run. See Corsey, supra; and, Justice Lemmon’s dissent in Whitnell, supra.
| a A physician-patient relationship does not necessarily end with the patient’s last office visit. Here, there is clear evidence of a continuing relationship after September 14, 1992. This evidence includes the duration of the physician/patient relationship since 1988; the actual finding of a suspicious mass by Dr. Dyess in his examination of Ms. Jenkins; what Dr. Dyess should have known from the mammogram x-rays and both verbal and written reports from the hospital; and Ms. Jenkins’ justifiable belief of a continuing relationship with Dr. Dyess. Most importantly, Dr. Dyess’ own notes recognized an obligation and intent to get further test results; this showed the existence of a continuing physician/patient relationship.
For these reasons, I respectfully dissent.

. In re Moses, supra, concluded by stating "First we leave open the question of whether the continuing tort doctrine can be invoked to enlarge the three years repose period. Nonetheless, ... continued tortuous treatment or conduct on defendant’s part is an essential element for possibly invoking the continual tort doctrine in (medical malpractice cases).’’